In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00113-CV
______________________________


BONHAM ECONOMIC DEVELOPMENT CORPORATION, Appellant
 
V.
 
MARIBEL PEELER GRIFFON, Appellee


                                              

On Appeal from the 6th Judicial District Court
Fannin County, Texas
Trial Court No. 35248


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            The parties to this appeal have filed a joint motion asking this Court to dismiss the appeal
pursuant to their settlement of the claims. Pursuant to Tex. R. App. P. 42.1(a)(2)(B), we grant the
motion, set aside the trial court's judgment without regard to the merits, and remand the case to the
trial court for rendition of judgment in accordance with the parties' settlement.
 


                                                                        Jack Carter
                                                                        Justice


Date Submitted:          November 18, 2003
Date Decided:             November 19, 2003



">18 U.S.C.A. 1968 CIVIL INVESTIGATIVE DEMAND. 


They go on, invoking the Texas Tort Claims Act, as follows:


 (WHISTLEBLOWER INMATE) AND OFFICERS RETALIATION FOR PENDING
LEGAL LITIGATION AGAINST THE BARRY TELFORD UNIT (OWNERS),
(WARDENS), AND (KNOWN OR UNKNOWN AGENTS) OR (OFFICERS).


Appellants then continue with eleven unclear paragraphs. We surmise that they complain that the
appellees are violating their rights and imposing some type of restraints on them, ranging from
something having to do with their continued incarceration, their underlying convictions, the size of
their cells, and the methods used to calculate the time of their continued incarceration.

 As examples, some of the allegations are quoted below:

 1) DEFENDANTS ARE IN VIOLATION OF PLAINTIFF'S PROBATION

 ELIGIBILITY, SHOCK PROBATION, PAROLE AND MANDATORY
SUPERVISION RELEASE AND APPEAL BOND DUE PROCESS.


 . . . . 


 3) DEFENDANTS ARE IN VIOLATION OF PLAINTIFF'S
CONSTITUTIONAL CLASSIFICATION PROCESSING PURSUANT TO
THE RUIZ (VS) ESTELLE STIPULATIONS AND DECREE ON GOOD
TIME CREDITS.


 . . . .


 5) DEFENDANTS ARE IN VIOLATION OF PLAINTIFF'S TEXAS CODE OF
CRIMINAL PROCEDURE ARTICLE 12.01 STATUE [sic] OF
LIMITATIONS, AND INVALID OR DEFECTIVE INDICTMENTS
PRESENTED AT TRIAL OR GUILTY PLEA.


 . . . .


 8) DEFENDANTS ARE IN VIOLATION OF PLAINTIFF'S 50 SQUARE
FOOT CUBICLES WITH SINGLE BUNK AND 80 SQUARE FEET CELLS


 9) DEFENDANTS ARE IN VIOLATION OF PLAINTIFF'S

 Medical Liability


The petition continues with twelve pages of quotes taken from various prison policy directives and
rules of conduct. The petition concludes with this statement:

 THESE RULES OF CODE AND CONDUCT IN THE ABOVE
MENTIONED DOCUMENTED VIOLATIONS ARE IN PURSUANT TO TEXAS
GOVERNMENT CODES, SECTION 497.007, 500.003, 556.004, 556.007,
614.0234, AND CHAPTERS 571 AMERICAN CORRECTIONAL ASSOCIATION
STANDARDS; 3-4010, 3-4061, ALSO PURSUANT TO P.D. 22 OF CODE AND
CONDUCT EMPLOYEES ARE REPRESENTATIVES OF THE AGENCY AND
ARE EXPECTED TO ADHERE TO THE HIGHEST STANDARD OF CONDUCT.


PRAYER

 

 THE APPELLATE PRAYS CONSTITUTIONAL RELIEF WILL BE
GRANTED[.]


 The trial court's response was to issue an order noting that Lewis and Agnew are inmates, that
only Lewis had signed the complaint, and attempting to find a cause of action in the morass. The
court concluded, reasonably, that the allegations were of, "in the main, violations of civil rights and
state law."

 The court concluded that Lewis and Agnew had failed to show that they had exhausted
administrative grievance procedures, or provided a list of all previously-filed litigation, that neither
had filed suit within thirty days after receiving a final response to his grievance, or provided a
properly authenticated copy of his inmate trust account. See Tex. Civ. Prac. & Rem. Code Ann.
ǧ 14.004, 14.005 (Vernon 2002). Thus, because the petition contained no evidence that any of the
procedural prerequisites had been met, the court dismissed the case without prejudice.

 On appeal, Lewis and Agnew have filed separate briefs, which are almost entirely
restatements of their petition. (1) Only Lewis' brief contains anything that might be read as arguing that
the trial court erred in any regard. Lewis' brief contains language stating that a lawsuit "SHOULD
NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM UNLESS IT APPEARS BEYOND
DOUBT THAT PRISONERS CAN PROVE NO SET OF FACT[S] IN SUPPORT OF HIS CLAIM."

 We quoted the dispositive language of the order above. It explicitly does not dismiss for
failure to state a claim--it dismisses (without prejudice) for failure to meet the procedural
requirements of the cited statutes. (2) Error has not been shown.

 We affirm the judgment.




 Jack Carter

 Justice


Date Submitted: February 6, 2008

Date Decided: February 22, 2008



1. The briefs contain quotations from various rules, from statutes, from the United States
Constitution, and are largely repetitious of the petitions below.
2. If an argument is not raised in the trial court or briefed on appeal--the argument should not
be created by the court of appeals. Garcia v. Robinson, 817 S.W.2d 59 (Tex. 1991); Aluminum
Chems. (Bolivia), Inc. v. Bechtel Corp., 28 S.W.3d 64, 68 (Tex. App.--Texarkana 2000, no pet.) 
("It is not the proper function of this Court to create arguments for an appellant. We are restricted
to addressing the arguments actually raised, not those that might have been raised.").